IN THE CIRCUIT COURT OF THE
TWENTIETH DISTRICT, IN AND FOR
COLLIER COUNTY, FLORIDA

CASE NO.: 11·1602·CA

BILLY SUMMERS,

     Plaintiff,

vs.

AMERISTEP CORPORATION,
a foreign corporation; BASS PRO
OUTDOOR WORLD, LLC,
a foreign corporation;

    Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, BILLY SUMMERS, by and through his undersigned counsel, and for the cause of action against Defendants, AMERISTEP CORPORATION, a foreign corporation, ("AMERISTEP"), and BASS PRO OUTDOOR WORLD, LLC, a foreign corporation, ("BASS PRO") alleges and states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of $15,000.00, exclusive of interest and costs.

2.    At all times material hereto, Plaintiff, BILLY SUMMERS, was and is a resident of Collier County, Florida.

3.    At all times material hereto, Defendant AMERISTEP was and is a foreign corporation doing business throughout the State of Florida, for which it receives substantial revenue.

1


EXHIBIT
A

4.      At all times material hereto, Defendant, AMERISTEP was and is in the business of designing, manufacturing, marketing and/or selling Grizzly Climber brand tree stands for use by consumers in the State of Florida. Therefore, Defendant, AMERISTEP, has availed itself to and is subject to the jurisdiction of the courts of the State of Florida.

5.      At all times material hereto, Defendant BASS PRO was and is a foreign corporation doing business throughout the State of Florida, for which it receives substantial revenue.

6.      At all times material hereto, Defendant, BASS PRO was and is in the business of marketing, assembling and/or selling Grizzly Climber brand tree stands for use by consumers in the State of Florida. Therefore, Defendant, AMERISTEP, has availed itself to and is subject to the jurisdiction of the courts of the State of Florida.

7.      The subject of this Complaint is the AMERISTEP Grizzly Climber brand tree stand ("the subject tree stand") which was being used by BILLY SUMMERS on or about October 15, 2009. The subject tree stand was designed, manufactured, and assembled in whole or in part by Defendant, AMERISTEP.  The subject tree stand was placed into the stream of commerce by Defendant, BASS PRO.

8.      On or about July 29, 2007, the subject tree stand was purchased from the Defendant, BASS PRO.

9.      On or about October 15, 2009, the Plaintiff was using the subject tree stand under normal and foreseeable conditions in a controlled manner, when suddenly and without any warning the steel cable securing the tree stand to the tree failed causing the Plaintiff to plummet 30 feet to the ground, resulting in serious injury and great bodily harm.

## COUNT I
## STRICT LIABILITY AGAINST AMERISTEP

10.     The Plaintiff adopts and re-alleges paragraphs 1-9 above, and incorporates them by reference herein.

11.     Defendant, AMERISTEP was and is in the business of designing, manufacturing, marketing and/or selling tree stands, including the subject tree stand.

12.     Defendant, AMERISTEP designed, manufactured, marketed and placed the subject tree stand on the market with knowledge that it would be used without inspection for defects or unknown dangers. AMERISTEP knew or should have known that ultimate users, operators or consumers would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

13.     On or about October 15, 2009, the time of the incident, the subject tree stand was substantially unchanged from its manufactured condition.

14.     The subject tree stand was defective and unreasonably dangerous to ultimate users, operators or consumers when designed, manufactured, distributed and sold by AMERISTEP as follows:

a)     The subject tree stand was defectively designed in that its cables contained defective materials and components;

b)     The subject tree stand was defectively manufactured in that its cables contained defective materials and components;

c)     The subject tree stand was generally defective in its design, manufacture, assembly and warnings because it failed to provide an adequate fall arrest

3

system to prevent the product from causing injury when in use as advertised and marketed, and was furnished without adequate warnings for safe usage;

d)   The subject tree stand was defective because it was not designed adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that resulted in the subject tree stand failing and causing serious bodily injury to Plaintiff;

e)   The subject tree stand was defective because its was not manufactured or assembled adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that resulted in the subject tree stand failing and causing serious bodily injury to Plaintiff;

f)   The subject tree stand was defective due to inadequate, or the absence of, warning stickers, placards, or any proper documentation, or notice to alert users regarding the hazardous conditions, as stated above, involving the use of the subject tree stand.

15.   For the reasons set forth above, the subject tree stand was defective and unreasonably dangerous to foreseeable users, including BILLY SUMMERS, who used the subject tree stand in an ordinary and foreseeable manner.

16.   The defects described above directly and proximately caused the incident and injuries to Plaintiff, BILLY SUMMERS, in that it directly and in natural and continuous sequence, produced or contributed substantially to his injuries.

17.   As a direct and proximate result of the foregoing conduct of Defendant, AMERISTEP, Plaintiff, BILLY SUMMERS sustained pain and suffering, disability, mental

4

anguish, loss of capacity for the enjoyment of life, expense of the hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money.  The injuries to the Plaintiff are permanent and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff, BILLY SUMMERS, demands judgment against the Defendant AMERISTEP for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right.

## COUNT II
## NEGLIGENCE AGAINST AMERISTEP

18.    The Plaintiff adopts and re-alleges paragraphs 1-9 above, and incorporates them by reference herein.

19.    AMERISTEP knew or in the exercise of due care should have known that the subject tree stand would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to its users.

20.    Defendant, AMERISTEP, was under a duty to properly and adequately inspect, test, label, provide adequate warnings for, package, distribute and sell the subject tree stand in a reasonably safe condition so as to not present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances would come into contact with the product.

21.    Defendant, AMERISTEP, as the designer and manufacturer of the subject tree stand, was under a duty to exercise ordinary care in the design of its product used by the Plaintiff to reduce injuries from use of such product.

5

22.     AMERISTEP breached its duty to Plaintiff by designing, manufacturing, marketing and assembling the subject tree stand that was defective and unreasonably dangerous to ultimate users, operators or consumers as follows:

a)     The subject tree stand was defectively designed in that its cables contained defective materials and components;

b)     The subject tree stand was defectively manufactured in that its cables contained defective materials and components;

c)     The subject tree stand was generally defective in its design, manufacture, assembly and warnings because it failed to provide an adequate fall arrest system to prevent the product from causing injury when in use as advertised and marketed, and was furnished without adequate warnings for safe usage;

d)     The subject tree stand was defective because it was not designed adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that resulted in the subject tree stand failing and causing serious bodily injury to Plaintiff;

e)     The subject tree stand was defective because its was not manufactured or assembled adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that resulted in the subject tree stand failing and causing serious bodily injury to Plaintiff;

f)     The subject tree stand was defective due to inadequate, or the absence of, warning stickers, placards, or any proper documentation, or notice to alert users

regarding the hazardous conditions, as stated above, involving the use of the subject tree stand.

23.     On or about October 15, 2009, the time of the incident, the subject tree stand was substantially unchanged from its designed and/or manufactured condition.

24.     The negligence described above directly and proximately caused the incident and injuries to Plaintiff, BILLY SUMMERS, in that it directly and in natural and continuous sequence, produced or contributed substantially to his injuries.

25.     As a direct and proximate result of the foregoing conduct of Defendant, AMERISTEP, Plaintiff, BILLY SUMMERS, sustained pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of the hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. These damages and injuries to the Plaintiff are permanent within a reasonable degree of medical probability, and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff, BILLY SUMMERS, demands judgment against the Defendant AMERISTEP for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right.

## COUNT III
## FAILURE TO WARN OF AMERISTEP

26.     The Plaintiff adopts and re-alleges paragraphs 1-9 above, and incorporates them by reference herein.

27.     AMERISTEP is liable to Plaintiff for failure to warn Plaintiff that the subject tree stand was in a defective condition and unreasonably dangerous at the time of design, manufacture, distribution and/or sale of the subject tree stand.

28.     It was not obvious or readily apparent to users and consumers of the subject tree stand, including Plaintiff that the subject tree stand was in a defective condition and unreasonably dangerous in normal and foreseeable conditions.

29.     AMERISTEP'S failure to warn proximately caused the pain, suffering, injuries, loss and damages to Plaintiff.

WHEREFORE, Plaintiff, BILLY SUMMERS, demands judgment against the Defendant AMERISTEP for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right.

## COUNT IV
## STRICT LIABILITY AGAINST BASS PRO

30.     The Plaintiff adopts and re-alleges paragraphs 1-9 above, and incorporates them by reference herein.

31.     Defendant, BASS PRO was and is in the business of assembling, marketing and/or selling tree stands, including the subject tree stand.

32.     Defendant, BASS PRO assembled, marketed and placed the subject tree stand on the market with knowledge that it would be used without inspection for defects or unknown dangers. BASS PRO knew or should have known that ultimate users, operators or consumers would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

33.     On or about October 15, 2009, the time of the incident, the subject tree stand was substantially unchanged from its manufactured condition.

34.     The subject tree stand was defective and unreasonably dangerous to ultimate users, operators or consumers when designed, manufactured, distributed and sold by BASS PRO as follows:

a)     The subject tree stand was defectively designed in that its cables contained defective materials and components;

b)     The subject tree stand was defectively manufactured in that its cables contained defective materials and components;

c)     The subject tree stand was generally defective in its design, manufacture, assembly and warnings because it failed to provide an adequate fall arrest system to prevent the product from causing injury when in use as advertised and marketed, and was furnished without adequate warnings for safe usage;

d)     The subject tree stand was defective because it was not designed adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that resulted in the subject tree stand failing and causing serious bodily injury to Plaintiff;

e)     The subject tree stand was defective because its was not manufactured or assembled adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that resulted in the subject tree stand failing and causing serious bodily injury to Plaintiff;

f)      The subject tree stand was defective due to inadequate, or the absence of, warning stickers, placards, or any proper documentation, or notice to alert users regarding the hazardous conditions, as stated above, involving the use of the subject tree stand.

35.     For the reasons set forth above, the subject tree stand was defective and unreasonably dangerous to foreseeable users, including BILLY SUMMERS, who used the subject tree stand in an ordinary and foreseeable manner.

36.     The defects described above directly and proximately caused the incident and injuries to Plaintiff, BILLY SUMMERS, in that it directly and in natural and continuous sequence, produced or contributed substantially to his injuries.

37.     As a direct and proximate result of the foregoing conduct of Defendant, BASS PRO, Plaintiff, BILLY SUMMERS sustained pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of the hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The injuries to the Plaintiff are permanent and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff, BILLY SUMMERS, demands judgment against the Defendant BASS PRO for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right.

### COUNT V
### NEGLIGENCE AGAINST BASS PRO

38.     The Plaintiff adopts and re-alleges paragraphs 1-9 above, and incorporates them by reference herein.

39.   BASS PRO knew or in the exercise of due care should have known that the subject tree stand would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to its users.

40.   Defendant, BASS PRO, was under a duty to properly and adequately inspect, test, label, provide adequate warnings for, package, distribute and sell the subject tree stand in a reasonably safe condition so as to not present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances would come into contact with the product.

41.   Defendant, BASS PRO, as the seller and distributor of the subject hammock, was under a duty to exercise ordinary care in its distribution of the product used by the Plaintiff to reduce injuries from use of such product.

42.   BASS PRO breached its duty to Plaintiff by marketing, assembling, and selling the subject tree stand that was defective and unreasonably dangerous to ultimate users, operators or consumers as follows:

a)   The subject tree stand was defectively designed in that its cables contained defective materials and components;

b)   The subject tree stand was defectively manufactured in that its cables contained defective materials and components;

c)   The subject tree stand was generally defective in its design, manufacture, assembly and warnings because it failed to provide an adequate fall arrest system to prevent the product from causing injury when in use as advertised and marketed, and was furnished without adequate warnings for safe usage;

11

d)   The subject tree stand was defective because it was not designed adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that resulted in the subject tree stand failing and causing serious bodily injury to Plaintiff;

e)   The subject tree stand was defective because its was not manufactured or assembled adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that resulted in the subject tree stand failing and causing serious bodily injury to Plaintiff;

f)   The subject tree stand was defective due to inadequate, or the absence of, warning stickers, placards, or any proper documentation, or notice to alert users regarding the hazardous conditions, as stated above, involving the use of the subject tree stand.

43.   On or about October 15, 2009, the time of the incident, the subject tree stand was substantially unchanged from its designed and/or manufactured condition.

44.   The negligence described above directly and proximately caused the incident and injuries to Plaintiff, BILLY SUMMERS, in that it directly and in natural and continuous sequence, produced or contributed substantially to his injuries.

45.   As a direct and proximate result of the foregoing conduct of Defendant, BASS PRO, Plaintiff, BILLY SUMMERS, sustained pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of the hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money.  These damages and injuries to the

Plaintiff are permanent within a reasonable degree of medical probability, and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff, BILLY SUMMERS, demands judgment against the Defendant BASS PRO for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right.

## COUNT VI
## FAILURE TO WARN OF BASS PRO

46.    The Plaintiff adopts and re-alleges paragraphs 1-9 above, and incorporates them by reference herein.

47.    BASS PRO is liable to Plaintiff for failure to warn Plaintiff that the subject tree stand was in a defective condition and unreasonably dangerous at the time of design, manufacture, distribution and/or sale of the subject tree stand.

48.    It was not obvious or readily apparent to users and consumers of the subject tree stand, including Plaintiff that the subject tree stand was in a defective condition and unreasonably dangerous in normal and foreseeable conditions.

49.    BASS PRO'S failure to warn proximately caused the pain, suffering, injuries, loss and damages to Plaintiff.

WHEREFORE, Plaintiff, BILLY SUMMERS, demands judgment against the Defendant BASS PRO for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right.

13

## JURY DEMAND

Plaintiff, BILLY SUMMERS, hereby demands a trial by jury on all issues so triable.

MARTIN J. JAFFE, ESQUIRE
FBN: 144258
RICHARD W. BATES, ESQUIRE
FBN: 84882
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone Phone: (407) 420-1414
Facsimile: 407-841-9520
Attorneys for Plaintiff

14